**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Nidez Valencia, Jr., | No. CV 21-00335-TUC-RCC (LAB) |
| Petitioner, | **ORDER** |
| vs. | |
| David Shinn; et al., | |
| Respondents. | |

Pending before the court is the petitioner's motion, filed on March 31, 2022, for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B).  (Doc. 21)

The statute reads in pertinent part as follows:

> Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2254 . . . of title 28.

18 U.S.C.A. § 3006A(a)(2)(B). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  "[A]ppointment of counsel becomes mandatory, when an evidentiary hearing is required.  *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).  Where, as here, an evidentiary hearing is not required, appointment of counsel is "not mandatory but discretionary."  *Id.*

"In 1995, when Valencia was seventeen, he and an accomplice were attempting to steal a bicycle from a residence when its owner confronted them and Valencia shot and killed him."

*State v. Valencia*, 2020 WL 4728893, at *1 (Ariz. Ct. App. 2020), review denied (Feb. 2, 2021). Valencia was convicted of first-degree murder and sentenced to "a natural life sentence of imprisonment." *Id.* Some time later, the U.S. Supreme Court held that a natural life sentence for a crime committed by a juvenile may be unconstitutional under certain circumstances. *Id.* (citing *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016)). Valencia subsequently challenged his sentence and was given an evidentiary hearing where he "met his burden of establishing that his crime reflected transient immaturity rather than irreparable corruption." *Id.* (punctuation modified) "Valencia was thereafter resentenced to life with the possibility of parole after twenty-five years." *Id.*

In the pending petition, Valencia claims that his life sentence with the possibility of parole after twenty-five years pursuant to A.R.S. § 13-716 is an unconstitutional *ex post facto* law. (Doc. 4, p. 6) He further argues that his new sentence violates the Eighth Amendment because A.R.S. § 13-716 "provides no constitutional guidance as to how to determine parole eligibility for juveniles." (Doc. 4, p. 9) These claims were denied on the merits by the Arizona Court of Appeals. *State v. Valencia*, 2020 WL 4728893 (Ariz. Ct. App. 2020), review denied (Feb. 2, 2021). The decision was joined by all three members of the panel; there was no dissent. *Id.* Valencia petitioned the Arizona Supreme Court for review, but that court denied his petition. (Doc. 16, pp. 16-17) To succeed in his pending habeas petition, Valencia must show that prior adjudication of his claims "resulted in a decision that was contrary to or an unreasonable application of Supreme Court precedent" or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The court concludes that Valencia's petition is unlikely to succeed on the merits.

In the pending motion, Valencia argues that his petition is likely to succeed and cites to *Vera v. Ryan*, 804 F. App'x 572, 574 (9th Cir. March 4, 2020). (Doc. 4) He refers to a section in the decision where the *Vera* panel stated that it had some doubts as to whether the evidence presented by the state showed that section 13-716 "as implemented by the Arizona Department of Corrections" was providing an opportunity for the inmate "to obtain parole within the

meaning of [the Supreme Court's decisions in] *Miller* and *Montgomery*." *Id.* That statement, however, has limited application to the pending action. First, that statement was dicta. *Id.* Second, *Vera* is not a published decision. *Id.* at 572; *see* CTA9 Rule 36-3. And third, that statement related to a possible "as applied" challenge, whereas Valencia's claim in the pending petition is *not* an "as applied" challenge.[1] *Compare Vera*, 804 F. App'x at 574 *with* (Doc. 4, p. 9). *Vera* does not provide support for Valencia's argument that his petition is likely to succeed on the merits.

      The court further finds that Valencia is able to "articulate his claims *pro se* in light of the complexity of the legal issues involved." *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). His claims are clearly explained. (Doc. 4) They explicitly track the arguments that were made by counsel in Valencia's Opening Brief before the Arizona Court of Appeals, which he attached as an exhibit to his petition. (Doc. 4, pp. 31-54)

      Valencia asserts that he is unable to properly articulate his claims because he only has a General Equivalency Diploma and has no access to a law library. (Doc. 21, pp. 2-3) The court finds to the contrary that, while is his petition was not written by a lawyer, it is much easier to read and understand than most *pro se* petitions. (Doc. 4) Moreover, Valencia seems to have access to even unpublished Ninth Circuit decisions. It does not appear that his limited access to legal resources is significantly affecting his ability to articulate his claims. The court agrees that the procedural history of this case is long, but the petition presents two discrete legal issues that are relatively limited in scope.

      Finally, Valencia argues that "counsel can assist Petitioner in reviewing the record for any unreasonable factual determinations that might allow for *de novo* review under 28 U.S.C.

---

[1] Valencia did not raise an "as applied" claim before the Arizona Court of Appeals. (Doc. 16-8, pp. 38-61) Presumably, that is why he has not raised "as applied" claim in the pending petition. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . .").

§ 2254(d)(2)." (Doc. 21, p. 3)  It does not appear, however, that this type of review falls under "the interests of justice" rationale. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Moreover, Valencia's claims are legal in character, and the decision of the Arizona Court of Appeals below does not appear to be particularly reliant on "factual determinations." *See State v. Valencia*, 2020 WL 4728893 (Ariz. Ct. App. 2020), review denied (Feb. 2, 2021).

Counsel is not required "in the interests of justice." *See, e.g., Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (The court acted within its discretion when it declined to appoint counsel to a sixty-year-old petitioner who had no background in the law but thoroughly presented his issues.), *cert. denied*, 469 U.S. 838 (1984).   Accordingly,

IT IS ORDERED that the petitioner's motion, filed on March 31, 2022, for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) is DENIED.   (Doc. 21)

DATED this 7th day of April, 2022.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge