**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Nidez Valencia, Jr., | No. CV-21-00335-TUC-RCC |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

On March 30, 2022, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation ("R&R") in which she recommended the Court dismiss Petitioner Gregory Valencia, Jr.'s Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 4) and deny Respondents' Motion to Strike the Addendum (Doc. 20). (Doc. 24.) Petitioner filed an objection to the R&R (Doc. 24), and Respondents a response (Doc. 28). Petitioner then filed a motion to reply to the response. (Doc. 29.) Upon review, the Court will grant the motion to reply, adopt the R&R, deny the Motion to Strike, and dismiss Petitioner's § 2254 Habeas Petition.

**I.   STANDARD OF REVIEW**

The standard the district court uses when reviewing a magistrate judge's R&R is dependent upon whether a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine de novo any part of the magistrate

judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## II. MAGISTRATE JUDGE'S R&R

Petitioner asserts two grounds for relief: (1) that the Arizona statute regarding parole eligibility for juvenile offenders sentenced to life imprisonment is an unconstitutional *ex post facto* law, and (2) that his sentence is unlawful because parole eligibility for juveniles should consider whether a juvenile's offense was a result of "transient immaturity." (Doc. 4 at 6, 9.)

The Magistrate Judge first concluded that the statute applicable to Petitioner's re-sentencing—A.R.S. § 13-716—was not an *ex post facto* law because it did not inflict a sentence greater than what could have been provided at the time of Petitioner's original sentencing. (Doc. 24 at 4–5 (quoting *Gilman v. Brown*, 814 F.3d 1007, 1014 (9th Cir. 2016) ("A change in law violates the Ex Post Facto Clause of the Federal Constitution when it inflicts a greater punishment than the law annexed to the crime, when committed.")).) The statute provides that a juvenile given a life sentence with the possibility of release after a minimum number of years is eligible for parole after that minimum sentence is served. A.R.S. § 13-716. However, the Magistrate reasoned that because parole had been eliminated before Petitioner's original sentencing, he was faced with a possible death or natural life sentence, not parole. (*Id.* at 5.) Petitioner was sentenced to natural life. (*Id.*) Then, when the Supreme Court determined that natural life for juvenile offenders may be unconstitutional in certain circumstances, Petitioner was re-sentenced pursuant to A.R.S. § 13-716 with the possibility of parole. (*Id.* at 2.) And so, at resentencing, Petitioner faced less time than that imposed at his original sentencing. (*Id.*)

1    This was true regardless of whether Petitioner's original sentence was later found to be
2    unconstitutional, the Magistrate Judge stated. (*Id.* at 6 (citing *Dobbert v. Florida*, 432
3    U.S. 282, 297 (1977).) The Magistrate determined that habeas relief was inappropriate
4    because Petitioner had not demonstrated that the state court's decision was "contrary to or
5    an unreasonable application of Supreme Court precedent." (*Id.* (quoting 28 U.S.C. §
6    2254(d).)

7    Next, the Magistrate Judge noted Petitioner believed his sentence should be
8    vacated because the parole statute provided no guidance about how to determine parole
9    eligibility for juveniles. (*Id.* at 6.) The Magistrate indicated Petitioner believed two
10   Supreme Court cases, *Miller v. Alabama*, 567 U.S. 460, 469 (2012) and *Montgomery v.*
11   *Louisiana*, 577 U.S. 190, 208, *as revised* (Jan. 27, 2016), show that an evaluation of a
12   juvenile offender's eligibility for parole must hinge on whether the juvenile's crime was
13   the result of "transient immaturity." (*Id.* at 6–7.)

14   The Magistrate Judge indicated that the transient immaturity analysis applied to a
15   juvenile offender's *sentence*, not his or her *parole eligibility*. (*Id.* at 7.) The Magistrate
16   stated that "[o]nce the sentence of life with the possibility of parole is imposed, the
17   requirements of *Miller* and *Montgomery* are satisfied." (*Id.* at 7.) Here, Petitioner
18   received an evidentiary hearing, demonstrated that his crime was a result of transient
19   immaturity, and was re-sentenced to life with the possibility of parole after twenty-five
20   years. (*Id.*) Thus, the Magistrate Judge determined that *Miller* and *Montgomery* were
21   satisfied, and the state court's decision was not unreasonable. (*Id.* at 7–8.)

22   Finally, the Magistrate Judge dismissed Petitioner's claim that he had no
23   meaningful opportunity for parole, stating that this claim was not presented to the
24   Arizona Court of Appeals and was therefore either not part of his claim for relief, or not
25   exhausted. (*Id.* at 8.)

26   The Court agrees with the Magistrate Judge's analysis, and finds the R&R well-
27   reasoned. Regardless, Petitioner has not objected to these conclusions in the R&R and
28   therefore the Court need not review "under a *de novo* or any other standard." *Thomas v.*

*Arn*, 474 U.S. 140, 150 (1985).

### III.   PETITIONER'S OBJECTIONS

Petitioner makes three objections to the Magistrate Judge's R&R. First, he disagrees with the Magistrate's statement of facts. (Doc. 27 at 1–2.) Under 28 U.S.C. § 2241(e)(1), factual determinations are "presumed to be correct" unless there is clear and convincing evidence to the contrary. *See Sumner v. Mata*, 449 U.S. 539, 547 (1981). Petitioner has not met this burden. Furthermore, the claims in the instant § 2254 habeas petition do not relate to the facts in the underlying conviction, but to his new sentence, and any challenges regarding the underlying factual allegations leading to his conviction would need to be raised in a successive § 2254 petition.

Second, Petitioner argues his sentence is unconstitutional because he received a longer sentence than his co-defendant. (Doc. 27 at 4.) There is no right to the same sentence as a co-defendant, as sentences rely upon various factors present with each case and each defendant. *See United States v. Reverol-Rivera*, 778 F.3d 363, 366 (1st Cir. 2015) ("[D]ifferences in culpability can justify disparate sentences among co-defendants."). Petitioner was not similarly situated to his co-defendant and cannot show that the length of his sentence was an *ex post facto* law simply because he incurred a longer sentence.

Third, Petitioner claims he is likely to serve a natural life sentence, despite being eligible for parole, because "there is no guarantee of release, especially now that the parole board is illegally made up." (*Id.* at 4.) A petitioner's objections to an R&R must specifically indicate the findings and recommendations for which he disagrees. Fed. R. Civ. P. 72(b). Petitioner's allegation provides no explanation how this statement undermines the Magistrate Judge's factual and legal conclusions. Moreover, these arguments were not before the state courts and are not exhausted.

### IV.   MOTION TO STRIKE

Finally, the Court has considered Respondents' Motion to Strike (Doc. 20), asking the Court to strike Petitioner's addendum because he did not seek the Court's leave under

Federal Rules of Civil Procedure 15. The Court, in its discretion, will deny the motion.

## V. MOTION TO REPLY

Petitioner has requested permission to file a reply. (Doc. 29.) The Court will allow the reply, however, because the arguments parallel those in his § 2254 habeas and objections, the reply does not change the Court's analysis.

## VI. CONCLUSION

The Court finds Petitioner's arguments are unfounded, the state appellate court's conclusions were not contrary to federal law, and Petitioner is not entitled to relief. For the reasons stated above, IT IS ORDERED:

1) GRANTING Petitioner's Motion to Reply to Respondents' Response to the Petitioner's Objections to the Magistrate's Report and Recommendation. (Doc. 29.)

2) ADOPTING Magistrate Judge Leslie A. Bowman's Report and Recommendation. (Doc. 24.)

3) DENYING Respondents' Motion to Strike "Petitioner's Addendum to his Petition for Writ of Habeas Corpus. (Doc. 20.)

4) Petitioner Gregory Nidez Valencia, Jr.'s Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) is DISMISSED WITH PREJUDICE. (Doc. 4.)

5) The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 14th day of June, 2022.

Honorable Raner C. Collins
Senior United States District Judge